# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JAMES CANTON**,<br><br>Debtor.<br><br>**Donald R Dammel**, **N. Richard Higgins**, **Andrew William Taylor**, **GUENZLER FAMILY TRUST**, **TIM L GUENZLER**, **Jack C Downes**, **Gail L. Downes**, **ED ENGEL**, **Donald F. Byrnes**, and **Jacqueline G Byrnes**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**JAMES CANTON**,<br><br>Defendant. | Case No. **08-61683-11**<br><br><br><br><br><br><br><br>Adv No. **09-00002** |

## MEMORANDUM OF DECISION

At Butte in said District this 17th day of March, 2009.

In this adversary proceeding the Defendant/Debtor James Canton filed a notice of removal of this case, which originated as a state court mortgage foreclosure proceeding, to this Court from the Montana Twenty-First Judicial District Court, Ravalli County, Cause No. DV-08-109, on January 2, 2009, on the grounds that Defendant filed a bankruptcy case. On January 16, 2009, Plaintiffs Donald R. Dammel, N. Richard Higgins, Andrew William Taylor, Guenzler Family Trust, Tim L. Guenzler, Jack C. Downes, Gail L. Downes, Ed Engel, Donald F. Byrnes,

1

and Jacqueline G. Byrnes ("Plaintiffs") filed a motion for abstention and to remand this case back to state court, together with a supporting brief, based upon mandatory abstention, 28 U.S.C. § 1334(c)(2), and alternatively based on discretionary abstention under § 1334(c)(1). Plaintiffs seek to have the foreclosure proceeding remanded back to state court under 28 U.S.C. § 1452(b), but they admit that, even if remanded, the foreclosure proceeding is subject to the automatic stay.

Defendant filed an objection to abstention and remand, and supporting brief, and the matter was set for hearing at Missoula on March 12, 2009. Plaintiffs filed a reply brief and were represented at the hearing by attorneys Brian J. Smith ("Smith") and Kathryn S. Mahe. The Debtor was represented by attorney Gregory W. Duncan ("Duncan"). No testimony was admitted, but Exhibits ("Ex.") A, B, C, D, E, F, G, H, I, J, K, L, M, N, P, Q, R, and S were admitted. Argument of counsel was heard. Smith advised the Court that the foreclosure proceeding, while it was pending in state court, had not yet been set for a settlement conference or for trial and was stayed. Smith further clarified that if the case is remanded to state court the automatic stay will remain in place, and that Plaintiffs request abstention and remand only in order to preserve their rights, so that if the case is dismissed they will not have to commence foreclosure proceedings from the beginning. Duncan stated that the Debtor has initiated Adversary Proceeding No. 09-00020 against some of the same Plaintiffs in this Court, and that he anticipates filing another adversary proceeding involving the Plaintiffs. Duncan argued that abstention and remand should not be granted because of the risk of conflicting decisions by this Court and the state court. That risk is nonexistent, and the Court overrules Debtor's objections and grants Plaintiffs' motion for abstention and remand, for the reasons set forth below. The foreclosure proceeding will be remanded to the state court, where it will be stayed under 11

U.S.C. § 362(a).

## BACKGROUND FACTS

Plaintiffs initiated the state court foreclosure action to foreclose a mortgage on real property located in Ravalli County, Montana, alleging the Debtor's default under the terms of a note and mortgage. Debtor filed counterclaims contending violations of Montana usury statutes and other state law claims. Debtor intends to amend his answer to add claims based on violations of federal lending statutes such as the Truth in Lending Act, 12 U.S.C. § 2601 et seq., and 15 U.S.C. § 1639. The state court foreclosure action was stayed by the filing of the Debtor's Chapter 11 petition. No Chapter 11 Plan has been filed by the Debtor to date in Case No. 08-61683-11.

## DISCUSSION

Plaintiffs seek both mandatory and discretionary abstention, which are governed by 28 U.S.C. § 1334(c). *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1009-1010 (9th Cir. 1997). Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Discretionary abstention is governed by § 1334(c)(1) which provides in pertinent part, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *Krasnoff v.*

3

*Marshack (In re General Carriers Corp.)*, 258 B.R. 181, 189-190 (9th Cir. BAP 2001).

"[A]bstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance.... The act of abstaining presumes that proper jurisdiction otherwise exists." *In re General Carriers Corp.,* 258 B.R. at 190 (quoting *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2nd Cir.1995)); *Bank of Baker v. Lewis (In re Lewis)*, 20 Mont. B.R. 364, 368 (Bankr. D. Mont. 2003).

In *Lewis*, this Court cited *Security Farms* and *Schulman v. State of Cal. (In re Lazar)*, 237 F.3d 967, 981-82 (9th Cir. 2001), *cert. denied* 534 U.S. 992, 122 S.Ct. 458, 151 L.Ed.2d 377 (2001), for the following proposition:

> In *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999 (9th Cir.1997), however, the Ninth Circuit noted that "[a]bstention can exist only where there is a parallel proceeding in state court." *Id.* at 1009.  Section §1334(c) abstention should be read *in pari materia* with 28 U.S.C. § 1452(b) remand, so that § 1334(c) applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1), or that, by legislative mandate, requires it, section 1334(c)(2). *Id.* at 1010; *In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001).  A decision to abstain or not to abstain is not reviewable by appeal. § 1334(d); *see also, Security Farms*, 124 F.3d at 1009-10 & n. 7; *In re Lazar*, 237 F.3d at 982.

*Lewis*, 20 Mont. B.R. at 369.

The above Ninth Circuit authority is clear, unambiguous, and binding precedent.  No question exists that a parallel proceeding has been filed through the state court foreclosure action, and therefore that requirement for abstention is present.  The Plaintiffs argue that abstention should be granted under either § 1334(c)(1) or § 1334(c)(2), and at the hearing their counsel clarified that Plaintiffs agree that the state foreclosure proceeding would be subject to the automatic stay even if their motion to abstain and remand is granted.  Plaintiffs seek only to

4

preserve their rights and, if the Debtor's case is dismissed, not to be required to start over with their foreclosure proceeding. With that understanding the Court deems it appropriate to grant Plaintiffs' motion for discretionary abstention and remand of the state court foreclosure proceeding, subject to the automatic stay. A parallel proceeding has been filed in state court. The Plaintiffs' foreclosure claims for relief are purely matters of state law, are not core proceedings, and are subject to the automatic stay.

Debtor objects to abstention because he argues that if Plaintiffs are allowed to foreclose against the assets of the bankruptcy case the estate would cease to exist. Debtor's argument ignores Plaintiffs' clarification on the record that, even if their motion to abstain and remand are granted, the foreclosure action remains subject to the automatic stay[1]. Next Debtor argues that this Court will need to hear his counterclaims against the Plaintiffs, and that a danger of conflicting decisions may occur between the state court and in this Court. Again, Plaintiffs' counsel admitted at the hearing that the foreclosure action will be subject to the automatic stay even after abstention and remand. Thus, no danger of conflicting decisions will arise because the state court foreclosure action is stayed notwithstanding abstention and remand.

Debtor's counterclaims and other objections to allowance of any claims which Plaintiffs may file in this case are core proceedings under 28 U.S.C. § 157(b)(2)(B) and (C). Core proceedings also include estimation of claims or interest for purposes of confirmation of a plan

---

[1]In order to obtain relief from the stay under 11 U.S.C. § 362(d) the Plaintiffs would be required either to show "cause" under § 362(d)(1), or would be required to show that the Debtor does not have an equity in the property subject to a motion to modify stay under § 362(d)(2)(A), and further that the property is not necessary to an effective reorganization under § 362(d)(2)(B). Given that the subject property appears to be all of the property of the estate, Plaintiffs would have a formidable burden of proof to obtain relief from the stay.

5

under Chapter 11. § 157(b)(2)(B). Therefore, even though the Court grants Plaintiffs' motion for discretionary abstention, the state court foreclosure action not only remains stayed, but this Court has jurisdiction to liquidate and allow or disallow the Plaintiffs' claims, or to estimate them for purposes of confirmation. With respect to any non-core proceedings, this Court's power may be limited to submitting proposed findings of fact and conclusions of law to the district court under § 157(c)(1)[2]. *Dunmore v. United States*, 358 F.3d 1107, 1115-16 (9th Cir. 2004). Plaintiffs' counsel Smith agreed that the Debtor's counterclaims filed in the state court action can be filed in adversary proceedings and adjudicated by this Court. Either way, the determinations made in proceedings arising under or related to this Chapter 11 case likely will have preclusive effect on subsequent proceedings, if any, which might arise in the state court foreclosure action when the stay finally terminates.

For the foregoing reasons, the Court finds that Plaintiffs' motion for discretionary abstention and remand is well taken under § 1334(c)(1) and § 1452(b). The state court foreclosure action will be remanded back to state district court, where it shall remain stayed by the automatic stay of § 362(a).

**IT IS ORDERED** that a separate Order will be entered as follows based upon the foregoing memorandum:

**IT IS ORDERED** that Defendant's objection (Docket No. 9) is overruled; Plaintiffs' motion for remand and abstention filed on January 16, 2009 (Docket No. 4) is **GRANTED**; and the Plaintiffs' foreclosure claims for relief asserted in this adversary proceeding are remanded to

---

[2]The Court notes that Debtor's counterclaims in the state court foreclosure action assert the right to trial by jury, which may be limited in this Court and not limited in the state court. *See Dunmore*, 358 F.3d at 1116.

the Montana Twenty-First Judicial District Court, Ravalli County, Cause No. DV-08-109, where it is **STAYED** pursuant to the automatic stay provided under 11 U.S.C. § 362(a).

                                                BY THE COURT

                                                */s/ Ralph B. Kirscher*
                                                HON. RALPH B. KIRSCHER
                                                U.S. Bankruptcy Judge
                                                United States Bankruptcy Court
                                                District of Montana